American Surety Company, Respondent, *v.* Francis B. Thurber et al., Appellants.

Plaintiff guaranteed a bond of indemnity, given by defendant's firm and various other judgment-creditors, to a sheriff who had levied upon property claimed to belong to the judgment-debtor. The judgment-creditors each executed to plaintiff a separate indemnity agreement to save it harmless from all loss, etc., and to pay all damages it should become liable for on said bond. In an action upon the agreement, *held*, that defendants were liable for the entire liability incurred by plaintiff without regard to the other indemnity agreements.

Reported below, 24 J. & S. 338.

(Argued March 19, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 7, 1889, which affirmed a judgment in favor of plaintiff directed by the court, and affirmed order denying a motion for a new trial.

This action was brought upon an indemnity agreement executed by the defendants to the plaintiff.

It appeared that defendants' firm had recovered a judgment against Mark T. Mason. Various other persons and firms also held judgments against Mason. Executions were issued upon all of said judgments to the sheriff of Columbia county, who was requested to levy upon certain personal property as the property of said Mason, which was claimed by one Brown and others, and said sheriff refused to make such levy until he had received a bond of indemnity; all of the judgment-creditors united in giving a bond which was guaranteed by the plaintiff upon receiving from each of the judgment-creditors a separate indemnity agreement. The material portion of the one executed by defendants, being the one in suit, is as follows:

"This agreement, made this 25th day of July, in the year one thousand eight hundred and eighty-five, by and between Francis B. Thurber, Albert E. Whyland, Alexis Godillot, Jr., Jacob S. Yates, William S. Parshall and Henry B. Kirkland, composing firm of Thurber, Whyland & Co. of the City of New York, parties of the first part, and the American Surety Company of New York, party of the second part, witnesseth:

"WHEREAS, At the special instance and request of the parties of the first part, and on the security hereof, the American Surety Company has become surety for said Thurber, Whyland & Co. on a certain bond to the Sheriff of Columbia Co. of even date herewith for the sum of $214.52 in an action in the Supreme Court of the County of New York and State of New York wherein said Thurber, Whyland and others are plaintiffs and Mark T. Mason is defendant, a copy of which bond is hereto annexed marked 'A' and forms a part hereof.

"Now, therefore, in consideration of the premises and of the sum of one dollar in hand paid to said parties of the first part, the receipt whereof is hereby acknowledged, the said parties of the first part do hereby agree and bind themselves,

their heirs, executors, administrators and assigns as follows, to wit :     *     *     *

' " Second.— That said Thurber, Whyland & Co. shall and will at all times indemnify and keep indemnified, the said company from and against all loss, damages, costs, charges, counsel fees and expenses whatsoever, which said company shall or may, for any cause, at any time, sustain or incur by reason or in consequence of said company having executed said agreement; and does further covenant and agree to pay to said company and its representatives all damages for which said company or its representatives shall become responsible upon the said bond before said company or its representatives shall be compelled to pay the same, any sum so paid, however, to be applied to the payment of such damages ; and in case any suit, action or other proceeding shall be commenced or notice served on said parties of the first part in any manner relating to or growing out of the matter or business for or on account of which the aforesaid instrument was required to be executed, immediate notice thereof shall be given to said company at its office in New York."

After receiving said indemnity, the sheriff made the levy and was immediately sued in replevin by the parties claiming the property. Judgments were recovered against said sheriff in such actions, and he thereupon sued plaintiff upon its guaranty and recovered a judgment against it for $6,377.55, which, with $794.88 necessarily paid for costs, counsel fees and expenses, the plaintiff has paid and seeks to recover back in this action. Defendants claimed upon the trial that their undertaking was to pay simply the sum of $214.52 and interest, the amount of their judgment, not the whole amount paid by plaintiff.

The following is an extract from the opinion :

" The defendants were principals in the indemnity agree- ment given by them to the plaintiff, and no rule of law requires that the agreement should receive a narrow or strict construction. We must ascertain its meaning from the lan- guage therein contained, and having arrived at that, from a consideration of the whole instrument, we must give effect to the intention of the parties as thus ascertained.

"There can. be no doubt that the defendants intended to indemnify the plaintiff against its entire liability under the bond which, at their request, it had given to the sheriff of Columbia county. That bond is annexed to the agreement of the defendants, and is made part thereof, and the whole agreement leaves no doubt that it was their intention to give to the plaintiff an indemnity as broad as that which it had given to the sheriff.

"It appears that the plaintiff executed its guaranty to the sheriff for the benefit of a large number of other execution creditors besides the defendants, and that such creditors had also severally executed to it indemnity agreements similar to that executed by the defendants. But they all came under several obligations to indemnify the plaintiff, and each obligation as between it and the obligors was independent of all the other obligations. It appears to have been the intention of the parties, derived from their agreements, that the plaintiff should not be obliged to look to all the execution creditors for its indemnity, or to each creditor to the extent or proportion of his execution, but that it could look to any of them upon any one of the distinct agreements, leaving any creditor thus obliged to indemnify the plaintiff to his right of contribution from the others for whose common benefit it executed the bond to the sheriff.

"There was no error upon the trial in excluding the proof of the other indemnity agreements, as their existence in no way affected the responsibility of the defendants under their agreement.

"If it had been intended by the parties interested in procuring the indemnity from the plaintiff to the sheriff, that the execution creditors should be jointly liable to the plaintiff, they would probably have executed a joint or a joint and several instrument, upon which each creditor would have been liable as between himself and the plaintiff for the full amount of the indemnity. It could not have been intended that each creditor should be liable to the plaintiff only to the amount of his execution, because as all the executions went into the hands of the sheriff, and were levied at the same time, such an indemnity might not have been adequate. The damage to which

the sheriff was exposed might have exceeded in case of any execution, the amount of that execution, and might have exceeded the amount of all the executions  And hence it would have been somewhat impracticable for the plaintiff to have received the  separate  indemnities  of the execution creditors in a different form from that given.

"The court did not err in excluding oral evidence of the understanding of the parties at the time the defendants executed their indemnity agreement.  There was no allegation in the answer of any fraud or mistake in the agreement, and there was no ambiguity therein, which, within the rules of law, would justify oral evidence as to the understanding of the parties.  The court was bound to seek for that understanding in the agreement executed by the defendants, which must be assumed to embody it.

"It is not clear what was intended by the parties to be accomplished by the insertion of the figures '$214.52' in the recital of the indemnity agreement executed by the defendants.  It is certain, however, that it could serve no purpose as between the plaintiff and the defendants.  The meaning and scope of the whole agreement are entirely plain, and nothing is left for explanation by oral evidence, which under any rule of law would be competent."

*H. Applington* for appellants.

*Edward C. James* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.